UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DAVID M. TROTMAN, JR.,

            *Plaintiff*,

     v.

DR. JAY BOCK, DR. MAX MINNEROP,
and R.N. JESSICA LENNON,

            *Defendants*.
----------------------------------X

**MEMORANDUM & ORDER**

18-CV-2481(KAM)(LB)

**MATSUMOTO, United States District Judge:**

    Plaintiff David M. Trotman, Jr. ("Plaintiff"), currently incarcerated at Gouverneur Correctional Facility in Gouverneur, New York, filed this *pro se* action against defendants Dr. Jay Bock, Dr. Max Minnerop ("Dr. Minnerop"), and R.N. Jessica Lennon ("R.N. Lennon") (collectively, "Defendants"), alleging that they violated his rights by drawing his blood without his consent and in violation of his religious beliefs.  (ECF No. 1, Complaint ("Compl.").)  For the reasons set forth below, the Court hereby dismisses Plaintiff's complaint and grants him leave to file an amended complaint within thirty (30) days of this Memorandum and Order.

<b><u>Background</u></b>

    On April 19, 2018, Plaintiff filed a complaint in this action alleging violations of New York State Executive Law § 63-b and New York State Penal Law § 240.70.  (Compl. at 1.)

1



Plaintiff's complaint does not provide any dates for the conduct alleged therein. (*Id.*) The Court nevertheless accepts Plaintiff's assertions as true for purposes of this Memorandum and Order and provides a brief summary of their substance.

Plaintiff alleges that Dr. Minnerop "lied and [told] Plaintiff [that he] could not leave [an unspecified] hospital after telling staff that Plaintiff refuse[d] blood work because of [his] religion." (*Id.*) Dr. Minnerop then told Plaintiff that his blood would be taken by force, reportedly as a result of "false reports from staff about [Plaintiff having] delusions and hallucinations." (*Id.*) Plaintiff says that R.N. Lennon "wrote numerous lies and farfetched made up statements which caused Dr. Minnerop to illegally seize [Plaintiff's] freedom." (*Id.*) Plaintiff then states that he "is Rastafarian and declined needles," but that "by force[, and] after being lied to[,] blood samples were drawn" in violation of his religious beliefs and "civil freedoms." (*Id.*) Plaintiff also claims that "other crimes were committed," including "slander, uttering, and malpractice." (*Id.*) Plaintiff requests $36 million as relief for this alleged misconduct. (*Id.*)

On June 29, 2018, Judge Bianco granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and directed service of the summons and complaint. (ECF No. 10, Order Granting Motion for Leave to Proceed *in forma*

*pauperis*.) The United States Marshals Service (the "Marshals") served the summonses and complaint on Defendants c/o the Suffolk County Department of Health Services. (ECF No. 15, Executed Summonses.) The County, however, responded that it did not employ Defendants and that it was served in error. (ECF No. 17, Letter from County to Court.)

The Court later vacated these summonses as erroneously entered and directed Plaintiff to provide the Court with the name of the hospital at which the alleged events occurred. (ECF Docket Order, Oct. 25, 2018.) Plaintiff indicated that the events occurred at Southampton Hospital, 240 Meeting House Lane, Southampton, New York 11968. (ECF No. 21, Response to Court's Order by Plaintiff.) The Court thereafter directed that the Marshals serve Defendants at Southampton Hospital. (ECF No. 22, Order to Effectuate Service.) Southampton Hospital refused to accept service on Defendants' behalf (ECF No. 33, Unexecuted Summonses), prompting the Court to issue an order directing the hospital to file a letter by April 23, 2019, indicating whether Defendants would waive service by the Marshals or accept service at the hospital (ECF No. 34, Order to File Letter). The hospital has yet to comply with this court order.

On July 16, 2019, this case was reassigned to the undersigned judge. For the reasons set forth below, the court dismisses the complaint and grants plaintiff leave to file an

3

amended complaint within thirty (30) days of this Memorandum and Order.

## Standard of Review

Plaintiff is proceeding *in forma pauperis*, and the Court must therefore screen his complaint and dismiss his action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court is mindful that Plaintiff's pleadings should be liberally construed, based on his *pro se* status. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nonetheless, pleadings must still "plead sufficient facts to state a claim to relief that is plausible on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (internal citations and quotation marks omitted).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not enough that a plaintiff "tender[] 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Moreover, in considering whether to dismiss a complaint, the court accepts as

true all factual allegations in the complaint, though this tenet does not apply to legal conclusions. *Id.*

## Discussion

Plaintiff's complaint specifically alleges violations of two state laws, New York State Executive Law § 63-b (Action by Attorney General Against Usurper of Office or Franchise) and New York State Penal Law § 240.70 (Criminal Interference with Health Care Services or Religious Worship in the Second Degree). (Compl. at 1.) Plaintiff does not proffer any evidence establishing diversity jurisdiction over this action, *see* 28 U.S.C. § 1332, nor does he allege any federal claims, *see* 28 U.S.C. § 1331. The Court thus dismisses this action, without prejudice, for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Moreover, even if the Court liberally construed Plaintiff's complaint as alleging the deprivation of his federal constitutional rights pursuant to 42 U.S.C. § 1983, his complaint still contains insufficient allegations to state a claim upon which relief may be granted. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). It states, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Therefore, to maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *Id.*

As the statute makes clear, Section 1983 constrains only *state* conduct, not the acts of private persons or entities. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982))). "'Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action.'" *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (quoting *United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)).

The Court could construe Plaintiff's allegations liberally to allege that Defendants violated Plaintiff's civil rights when they drew Plaintiff's blood in a manner inconsistent with his religious beliefs. *See, e.g.*, *Schreiber v. Ault*, 280 F.3d 891, 892 (8th Cir. 2002) (addressing situation where prisoner alleged deprivation of his free exercise rights where, after drawing plaintiff's blood, prison disposed of it in a manner inconsistent with his religious beliefs). Yet, Plaintiff made no allegations demonstrating, or supporting the inference, that Defendants acted under color of state law. *See, e.g.*, *Jones v. Nickens*, 961 F. Supp. 2d 475, 484 (E.D.N.Y. 2013) ("Private medical facilities are generally not state actors for purposes of Section 1983. . . . [To hold the hospital or its employees liable under Section 1983, plaintiff therefore must show] that they '(1) acted pursuant to the 'coercive power' of the State or are 'controlled' by the State; (2) willfully participated in 'joint activity' with the State or their functions are 'entwined' with state policies; or (3) have been 'delegated a public function' by the State." (quoting *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008))); *Doe v. Rosenberg*, 996 F.Supp. 343, 356 (S.D.N.Y. 1998) ("As a general rule, private hospitals do not act under the color of law for § 1983 purposes.").

Moreover, even if Plaintiff had alleged that he received the allegedly wrongful treatment during his incarceration, which he did not do, the complaint still fails to establish any nexus between the State of New York and Defendants. *See, e.g., Nunez v. Horn*, 72 F. Supp. 2d 24, 27 (N.D.N.Y. 1999) ("The crucial inquiry in determining whether a physician who provides medical services to inmates is a state actor for purposes of § 1983, is the relationship among the State, the physician, and the plaintiff." (citing *West v. Atkins*, 487 U.S. 42, 56 (1988))); *Bektic-Marrero v. Goldberg*, 850 F. Supp. 2d 418, 427 (S.D.N.Y. 2012) (collecting sources). Plaintiff's complaint therefore fails to state a plausible Section 1983 claim, and is therefore also dismissed without prejudice pursuant for failure to state a claim upon which relief may be granted.

## Conclusion

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Considering Plaintiff's *pro se* status, however, he is granted leave to file an amended complaint within thirty (30) days of the issuance of this Memorandum and Order, which should set forth dates for his allegations, and allegations establishing that the hospital's conduct can be attributed to the state.

8

Plaintiff is advised that any amended complaint he files will completely replace his first complaint. The amended complaint must be entitled, "Amended Complaint," and must bear the same docket number as this Memorandum and Order. If Plaintiff fails to amend his complaint within the allotted thirty-day period, the Court shall direct the Clerk of Court to enter judgment and close this case. In light of the foregoing, the Court also denies, without prejudice, Plaintiff's pending motions to compel. (*See* ECF No. 25, Motion to Compel; ECF No. 35, Motion to Compel; ECF No. 36, Motion to Compel.)

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on *pro se* Plaintiff and to note service on the docket.

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 26, 2019

                                        /s/
                                   _____
                                   Hon. Kiyo A. Matsumoto
                                   United States District Judge