
FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 20 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DAVID M. TROTMAN, JR.,

          *Plaintiff*,

    v.

DR. JAY BOCK, DR. MAX MINNEROP,
and R.N. JESSICA LENNON,

          *Defendants*.
----------------------------------X

**MEMORANDUM & ORDER**

18-CV-2481(KAM)(LB)

**MATSUMOTO, United States District Judge:**

    On April 19, 2018, *pro se* Plaintiff David Michael Trotman, Jr. ("Plaintiff"), currently incarcerated at the Gouverneur Correctional Facility in Gouverneur, New York, filed this 42 U.S.C. § 1983 action against Defendants Dr. Jay Bock, Dr. Max Minnerop, and R.N. Jessica Lennon alleging that they violated his rights by drawing his blood without his consent and in violation of his religious beliefs at Southhampton Hospital, located at 240 Meeting House Lane in Southampton, New York. (ECF No. 1, Complaint ("Compl.").) By Memorandum and Order dated September 26, 2019, the Court dismissed the complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted, and granted Plaintiff leave to file an amended complaint.

1



On October 9, 2019, Plaintiff filed an amended complaint. (*See generally* ECF No. 38, Amended Complaint.) The amended complaint fails to correct the deficiencies identified by the Court's September 26, 2019 Memorandum and Order, namely, that the Court lacked a basis to exercise subject matter jurisdiction over this action. The amended complaint alleges that on January 22, 2016, at approximately 8:00 a.m., Plaintiff entered "Southampton Hospital from the Community for Mental Health Assistance" and "was not in anybody's custody prior to the morning in question." (*Id.* at 1.) Plaintiff does not allege any facts showing that the named defendants acted under color of state law, and thus fails to invoke the Court's federal question jurisdiction and state a claim under 42 U.S.C. § 1983.

Plaintiff also attempts to assert diversity of citizenship jurisdiction. (*Id.* ("The plaintiff request[s] diversity of citizenship for the said reasons in a memorandum & order dated September 26, 2019").) Diversity jurisdiction exists where there is complete diversity of citizenship between the plaintiff and the defendants. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). This means that the plaintiff cannot be a citizen of the same state as any of the defendants. *St. Paul Fire and Marine Ins. Co. v.*

2

*Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). The party asserting diversity jurisdiction bears the burden of proving that it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Based on the facts alleged, the Court has no basis to conclude that diversity of citizenship exists. If anything, all parties appear to be citizens of the State of New York.

Accordingly, the amended complaint is again dismissed for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3). Any state law claims are dismissed without prejudice. Plaintiff's motion to proceed *in forma pauperis* is denied as moot (ECF Doc. No. 39, Motion for Leave to Proceed *in Forma Pauperis*), as he was already granted *in forma pauperis* status (ECF Doc. No. 10, Order Granting Motion for Leave to Proceed *in Forma Pauperis*).

The Clerk of Court is respectfully directed to enter judgment dismissing this action and to close this case. The Clerk of Court is also respectfully directed to serve a copy of this Memorandum and Order and the judgment on the *pro se* Plaintiff and to note service on the docket. The Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   November 18, 2019
         Brooklyn, New York

/s/ USDJ KIYO A. MATSUMOTO
HON. KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE