```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
DAVID M. TROTMAN, JR.,

                Plaintiff,

          -against-                    **MEMORANDUM & ORDER**
                                       18-CV-2481 (KAM)(LB)

DR. JAY BOCK, DR. MAX MINNEROP,
and R.N. JESSICA LENNON,

                Defendants.
--------------------------------X
```
KIYO A. MATSUMOTO, United States District Judge:

On April 19, 2018, *pro se* Plaintiff David Michael Trotman, Jr., currently incarcerated at Sullivan Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 against Defendants Dr. Jay Bock, Dr. Max Minnerop, and R.N. Jessica Lennon, alleging that Defendants violated his rights by drawing his blood without his consent and in violation of his religious beliefs at the Southampton Hospital in Southampton, New York. (*See* ECF No. 1, Complaint ("Compl.").)

By Memorandum and Order dated September 26, 2019, this Court dismissed the complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted, and granted Plaintiff leave to file an amended complaint. (*See* ECF No. 37.)

On October 9, 2019, Plaintiff filed an amended complaint. (*See generally* ECF No. 38, Amended Compl.) The amended complaint failed to correct the deficiencies identified in the Court's September 26, 2019 Memorandum and Order, namely that the Court lacked a basis to exercise subject matter jurisdiction over this action. The amended complaint alleged that on January 22, 2016, at approximately 8:00 a.m., Plaintiff entered "Southampton Hospital from the Community for Mental Health Assistance" and "was not in anybody's custody prior to the morning in question." (*Id.* at 1.)

By Memorandum and Order dated November 18, 2019, the Court dismissed the amended complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted. (*See* ECF No. 41.) Plaintiff failed to allege any facts to show that the named Defendants acted under color of state law, and thus failed to invoke the Court's federal question jurisdiction and state a claim under 42 U.S.C. § 1983. (*Id.* at 2.) Plaintiff also failed to assert facts to support diversity jurisdiction. Based on the facts alleged in the amended complaint, the Court had no basis to conclude that diversity of citizenship existed, as all parties appeared to be citizens of the State of New York. (*Id.* at 2-3.) Accordingly,

this Court dismissed Plaintiff's amended complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted. (*Id.* at 3); *see also* 28 U.S.C. §1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3). On November 21, 2019, the Clerk of Court entered judgment dismissing the action. (ECF No. 43, Judgment.)

Plaintiff now moves for leave to re-open this action pursuant to Federal Rule of Civil Procedure 60(b). (*See* ECF No. 46, Motion for Leave to File Document Verified Complaint.) "A motion for reconsideration may be brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure." *Cavaleri v. Amgen Inc.*, No. 20-cv-1762 (PKC)(RML), 2021 WL 951652, at *2 (E.D.N.Y. Mar. 12, 2021). Rule 60(b) provides relief from a final judgment or order for -- among other things -- mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b). This rule is a means of "extraordinary judicial relief" and "is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." (internal

quotation marks omitted)).  None of Plaintiff's asserted grounds for reconsideration convinces the Court that this is the rare case that would merit reconsideration.  Here, Plaintiff does not provide the Court with any controlling case law or data that the Court had overlooked nor does he allege any facts demonstrating extraordinary circumstances warranting relief from the judgment of dismissal.  (*See* ECF No. 46.)

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to update Plaintiff's address on the docket and serve a copy of this Memorandum and Order on the Plaintiff and note service on the docket.

SO ORDERED.

    /s/
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated:     Brooklyn, New York
           March 26, 2021